# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE ALLEN GLOSTON,<br><br>    Petitioner,<br><br>   v.<br><br>SUPERIOR COURT OF MADERA COUNTY,<br><br>    Respondent. | Case No. 1:13-cv-01359-GSA-HC<br><br>ORDER |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

1

For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian. <u>United States v. Giddings</u>, 740 F.2d 770, 772 (9th Cir.1984). A failure to name the proper respondent deprives a habeas court of personal jurisdiction. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir.1989). The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." <u>Brittingham</u>, 982 F.2d at 379 (quoting <u>Demjanjuk v. Meese</u>, 784 F.2d 1114, 1115 (D.C.Cir.1986)); <u>see also</u> 28 U.S.C. § 2242. The custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." <u>Brittingham</u>, 982 F.2d at 379 (quoting <u>Guerra v. Meese</u>, 786 F.2d 414, 416 (D.C.Cir.1986)) (Parole Commission is not custodian despite its power to release petitioner). Normally, the custodian of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham</u>, 982 F.2d at 379; <u>see also</u> <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner names the "Superior Court of Madera County" as the respondent in this matter. This is not a proper respondent. Because Petitioner did not name his immediate custodian as the respondent in this matter, this Court is without personal jurisdiction, and the petition must be dismissed.

However, the Court will give Petitioner the opportunity to cure the defect by amending the petition to name a proper respondent. <u>See</u> <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

**ORDER**

Accordingly, Petitioner is GRANTED twenty (20) days from the date of service of this

order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and name a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **September 23, 2013**                         **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE