# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WADE ALLEN GLOSTON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SUPERIOR COURT OF MADERA COUNTY,<br><br>　　　　Respondent. | Case No. 1:13-cv-01359-GSA-HC<br><br>ORDER GRANTING MOTION TO WITHDRAW PETITION<br>[ECF NO. 7]<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |
|---|---|

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

　　　　On August 26, 2013, Petitioner filed the instant habeas petition. Following a preliminary review of the petition, on September 24, 2013, the Court issued an order advising Petitioner he had failed to name a proper respondent and granting him leave to amend the petition. On October 15, 2013, Petitioner filed a motion to withdraw the petition. He states the petition suffers from a number of defects such as a failure to exhaust state remedies. Respondent has not yet filed an answer to the petition.

　　　　Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, "the [petitioner] may dismiss an action without a court order by filing: a notice of dismissal before the opposing

1

party serves either an answer or a motion for summary judgment . . . ." Pursuant to Rule 12 of the Rules Governing Section 2254 Cases, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."

In this case, Respondent has not yet filed an answer or other responsive pleading. Therefore, under Rule 41(a)(1), the petition must be dismissed without prejudice. The Court expresses no opinion with respect to the timeliness of the instant petition or any future petition. Nevertheless, Petitioner is forewarned that there is a one-year statute of limitations period governing the filing of federal habeas petitions which commences upon the conclusion of direct review. 28 U.S.C. § 2244(d). The statute may be tolled while Petitioner seeks relief in the state courts, see 28 U.S.C. § 2244(d)(2), but it is not tolled for the time a habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion to withdraw the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE; and

3) The Clerk of Court is DIRECTED to enter judgment and terminate the case.

IT IS SO ORDERED.

Dated: **October 22, 2013**           **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE